1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

| UNITED STATES OF AMERICA, | No. 2:21-cr-00335-JAK |
|---|---|
| Plaintiff, | **ORDER RE STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO THE SPEEDY TRIAL ACT (DKT. 105)** |
| v. | |
| JEFFREY DEAN MOFFATT, | |
| Defendant. | |

1

Based on a review of the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to the Speedy Trial Act (the "Stipulation" (Dkt. 105)), sufficient good cause has been shown for the requested relief. Therefore, the Stipulation is **APPROVED IN PART**, as follows:

The trial in this matter is continued from January 21, 2025, to April 8, 2025. The final pretrial conference currently scheduled for January 10, 2025 is continued to March 27, 2025, at 1:30 p.m., with the precise time to be set when the calendar for that date is issued.

The briefing schedule for any pretrial motions shall be:

- Motions due: March 13, 2025
- Oppositions due: March 20, 2025

It is determined that the Stipulation, which is incorporated by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

It is further determined that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The time period of January 21, 2025, to April 8, 2025, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which

trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

**IT IS SO ORDERED.**

Dated: January 3, 2025

_____
John A. Kronstadt
United States District Judge

3