# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CENTRAL DISTRICT

### Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: 2:21-CR-00335-JAK-1

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 9/3/2021

Date of judgment or order you are appealing: 6/4/2026

Docket entry number of judgment or order you are appealing: 379

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

⦿ Yes    ○ No    ○ IFP was granted by U.S. District Court

---

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

JEFFREY DEAN MOFFATT

---

Is this a cross-appeal?  ○ Yes    ○ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case?  ☒ Yes    ○ No

If yes, what is the prior appeal case number?  25-6011

Your mailing address (if pro se):

1070 W BARREL SPRINGS ROAD

BOX 11

City: PALMDALE    State: CA    Zip Code: 93551

Prisoner Inmate or A Number (if applicable):

Signature _[signature]_    Date 6/13/2026

Complete and file with the attached representation statement in the U.S. District Court

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**    *Rev. 06/09/2022*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

JEFFREY DEAN MOFFATT

Name(s) of counsel (if any):

PRO SE

Address: 1070 West Barrel Springs Road , BOX 11 PALMDALE CA 93551

Telephone number(s): 661 4352417

Email(s): Jeffreydeanjustin@gmail.com

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ⦿ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

United States of America

Name(s) of counsel (if any):

David Lachman, Nisha Chandran

Address: United States Attorney's Office312 N. Spring Street, 15th FloorLos Ange

Telephone number(s): 213 3999447,

Email(s): david.lachman@usdoj.gov,  nisha.chandran@usdoj.gov,

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                              *1*                              *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

## Appellants

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

## Appellees

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA, LL.M and
In Propria Persona
1070 West Barrel Springs Road, Box 11
Palmdale, CA  93551
Email Address:** jeffreydeanjustin@gmail.com
**Telephone No.: (661) 435-2417**

Jeffrey Dean Moffatt, In Propria Persona

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (Western Division)

| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JEFFREY DEAN MOFFATT,<br><br>Defendant. | **DISTRICT COURT DOCKET NO.:** 2:21-cr-00335-JAK-1<br><br><br>**NOTICE OF APPEAL**<br><br>Honorable Judge John A. Kronstadt, United States District Court Judge<br><br>Hearing date 6 4 2026 |
|---|---|

**NOTICE IS HEREBY GIVEN** that Defendant Jeffrey Dean Moffatt, appearing In Propria Persona, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the final judgment of conviction, the criminal custodial sentence of one year and one day, and the denials of all pre-trial, trial, and post-trial motions entered in this action on June 4, 2026, by the Honorable John A. Kronstadt, United States District Judge.

**JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA, LL.M and**
**In Propria Persona**
**1070 West Barrel Springs Road, Box 11**
**Palmdale, CA  93551**
**Email Address:** jeffreydeanjustin@gmail.com
**Telephone No.: (661) 435-2417**

Jeffrey Dean Moffatt, In Propria Persona

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (Western Division)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JEFFREY DEAN MOFFATT,<br><br>Defendant. | **DISTRICT COURT DOCKET NO.**: 2:21-cr-00335-JAK-1<br><br><br>**NOTICE OF APPEAL**<br><br>Honorable Judge John A. Kronstadt, United States District Court Judge<br><br>Hearing date 6 4 2026 |

**NOTICE IS HEREBY GIVEN** that Defendant Jeffrey Dean Moffatt, appearing In Propria Persona, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the final judgment of conviction, the criminal custodial sentence of one year and one day, and the denials of all pre-trial, trial, and post-trial motions entered in this action on June 4, 2026, by the Honorable John A. Kronstadt, United States District Judge.

This appeal explicitly includes, but is not limited to, the following severe structural, statutory, and constitutional defects:

**1.** The District Court's final sentencing determinations and the summary denial of Defendant's Motion for Release on Bail Pending Appeal under **18 U.S.C. § 3143(b)**.

**2.** The **Fifth** and **Sixth** Amendment Due Process and **Brady v. Maryland** violations resulting from the government's total failure to self-disclose internal Department of Justice (DOJ) records, notices, and open investigations regarding the systemic weaponization and corruption of the State Bar of Arizona's disciplinary system—including formal notices submitted by State Senators Finchem and Rogers preserved in Document 365—while simultaneously forcing Defendant into a trial-by-ambush via a 17,000 day-of-trial unindexed document dump after blocking document access outside of a tool-stripped government SCIF facility.

**3.** The distortion of the underlying timeline of authorized practice by AUSA Carolyn S. Small (Document 2 Filed 7/23/2021) claiming an offense period of 2016–2021, which directly conflicts with and ignores the explicit, uncontradicted federal authorization within Trial Exhibit 137 documenting Defendant's lawful authority to practice and receive SSA Administrative funds until January 30, 2024.

**4.** The structural Fifth and Sixth Amendment due process and Fifth Amendment Grand Jury Clause violations arising from the trial testimony of the lead SSA Criminal Investigator Alejandro Ibarra , who admitted under oath that he did not know basic SSA procedure, failed to internally investigate federal Trial Exhibit 137 confirming Defendant's active authority to practice, and actively withheld these material, exculpatory facts from the Grand Jurors to secure a defective indictment.

**5.** The unconstitutional, non-compliant tenure of Acting SSA Commissioner Nancy Berryhill from 2016 through June/July 2019 under the Federal Vacancies Reform Act (FVRA), as preserved in Document 365, which combined with the Department of Justice's direct failure to follow national enforcement mandates regarding unconstitutionally seated Administrative Law Judges (ALJs), strips the agency of all structural authority to enforce regulatory exclusions or criminal metrics against Defendant

**6.** The granting of sweeping Motions in Limine precluding vital defense evidence, the active preclusion of evidence exposing Presiding Disciplinary (ALJ )Judge William J. O'Neil's corrupt, unconstitutional appointment to cover up institutional fraud, unconstitutional creation of Arizona Supreme Court Rule 51, and violation of Article 6 of the Arizona on how judges are created, thus a violation of separation of Powers at both the Federal and State levels.

**7.** The Motion in Liminie precluded the introduction of William J O'Neil as well as his friends and prior clients being  targets of two Grand Jury Proceeding where corruption on a $340 million court tower project was being looked into, finding over 50 felonies twice. O'Neil at the last minute, was substituted in as a judge, outside of his normal jurisdiction, and he shut the Gand jury down in days. The prosecutors Abushon, and Thomas were then under investigation by a Grand Jury, overseen by O'Neil. Then amazingly the same Supreme Court Justice that put O'Neil over the Grand Jury he was a target on, then created Arizona Supreme Court rule 51, which created an Administrative Law Judge position with no public input, no appointment by the Governor, nor ratification by the legislation. O'Neil was placed as the Administrative Law judge over attorney discipline and then proceeded disbar Prosecutors Aubushon, and Thomas and suspend Alexander for 6 months and a day. O'Neil then disbarred Ed Moriarty, business partner of the famous Jerry Spence. The disbarment was for representing Prosecutor Aubuchon.

**8**. The Fifth and Sixth Amendment due process violations resulting from trial-by-ambush constraints engineered by prosecutors Nisha Chandran and David Lachman, including oppressive GAG orders masked as Protective Orders  and discovery restrictions precluding Defendant from viewing evidence outside a tool-stripped government SCIF facility, culminated by a day-of-trial dump of a thumb drive containing 17,000 unindexed documents stripped of the USAO Central District own active tracking files on Arizona discipline weaponization (Document 365).

**9.** The granting of the government's Motions in Limine Document  265 filed  10/6/2025, precluding vital defense Medical evidence, including the complete exclusion of Defendant's October 2024 neurological medical evidence documenting a severe 2014 Traumatic Brain Injury (TBI) and Frontal Lobe Damage, which directly subverted and hollowed out the required constitutional Mens Rea analysis regarding specific intent.

**10.** The District Court's structural denial of Defendant's Sixth Amendment rights via the refusal to allow two sitting Arizona State Senators to testify regarding the documented anomalies of the State Bar of Arizona, alongside the unconstitutional exclusion of the testimony of an operationally connected CIA Agent.

**11**. To the present date there are no trial level documents signed by the Arizona Supreme Court as required by Arizona Supreme Court Rule 46(g) showing that a valid Arizona Supreme Court judge held court on the matter. Exhibits 1 and 2 used by the USAO fail to list the Supreme Court of Arizona, a properly sitting Supreme Court justice of Arizona, have the Seal of the Arizona supreme Court, have a listing of the Arizona State Bar, or have a Seal of the Arizona State Bar.

**12**.  Exhibits 1 and 2 documents are unauthenticated. Under **Federal Rules of Evidence 901** and **902,** the district court committed a reversible error by allowing the jury to see unauthenticated, non-self-authenticating documents to prove an underlying suspension.

**13.** The Judge weaponized the amount of money lawfully earned as a sentence enhancement, **Exhibit 137.**

**14.**  The District Court's sentence violates the Sixth Amendment Right to a Trial by Jury by unconstitutionally weaponizing unproven, non-unanimous conduct from counts on which the jury deadlocked (hung jury) to drastically inflate Defendant's sentencing metrics. As emphasized by multiple Supreme Court Justices in **McClinton v. United States, 143 S. Ct. 2381 (2023)**, allowing a sentencing judge to bypass a deadlocked jury and find unconvicted conduct true by a mere preponderance of the evidence completely subverts the core of the Sixth Amendment.

**15.** The District Court committed a fatal constitutional error by factoring in monetary sums and alleged conduct tied exclusively to counts that were never proven to a jury beyond a reasonable doubt. By using financial amounts from deadlocked and unconvicted counts to calculate a sentence enhancement, the court effectively overruled the jury's refusal to convict, stripping the Defendant of the protections guaranteed under the **Fifth** and **Sixth Amendments.**

**16.** The District Court's final sentencing determination violates the Fifth Amendment Due Process Clause, the Unconstitutional Conditions Doctrine, and the explicit mandates against Vindictive Prosecution established in **MacDonald v. Musick, 425 F.2d 373 (9th Cir. 1970).** As preserved in **Document 365 (Exhibit AA**), the government explicitly offered Defendant a sentence of straight probation, conditioned entirely on Defendant surrendering his protected First Amendment right to maintain independent civil litigation against the State Bar in the

Page 5

District Court and the Ninth Circuit. Because Defendant refused to waive his right to petition the courts, the government retaliated by exponentially increasing its carceral demand to 18 months, unconstitutionally penalizing Defendant for exercising his constitutional rights.

17.All underlying adverse orders, structural grand jury defects, and evidentiary rule violations preserved within the record of this case. Respectfully,

Dated: June 15, 2026, Monday

**By:**
**/s/**_____
JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA, LL.M and In Propria Persona
1070 West Barrel Springs Road, Box 11
Palmdale, CA  93551
Email Address: jeffreydeanjustin@gmail.com
Telephone No.: (661) 435-2417

**United States District Court**
**Central District of California**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** | 2:21-cr-00335-JAK-1 |

| | |
|---|---|
| **Defendant**   Jeffrey Moffatt | **Social Security No.**  0   6   1   2 |
| akas:   None | (Last 4 digits) |

---

### JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 06 | 04 | 2026 |

**COUNSEL**      Jeffrey Moffatt, pro se
(Name of Counsel)

**PLEA**   ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☒ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**False Statements by Trick, Scheme, or Device, in violation of 18 U.S.C. § 1001(a)(1), as charged in Count 6 of the Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **TWELVE (12) MONTHS AND ONE (1) DAY.**

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Jeffrey Dean Moffatt, is hereby committed on Count Six of the Indictment to the custody of the Bureau of Prisons for a term of 12 months and 1 day.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of one year under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

3. The defendant shall cooperate in the collection of a DNA sample from the defendant.

4. The defendant shall not be employed in any position that requires licensing or certification by any local, state, or federal agency without the prior written approval of the Probation Officer.

5. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the program by the treatment provider, with the approval of the Probation Officer. However, the Probation Officer is authorized to reassess whether such treatment is necessary based on an

---

USA vs. Jeffrey Moffatt          Docket No.:    2:21-cr-00335-JAK-1

assessment of defendant upon the commencement of Supervised Release.

6. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons at or before 12 noon, on September 30, 2026. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the First Street U.S. Courthouse 350 W. First Street, Suite 3001, Los Angeles, CA 90012. Failure to self-surrender could result in the issuance of a bench warrant for the defendant's arrest.

Defendant presents arguments as to his Motion for Release on Bail Pending Appeal, which he presents to the Court and the Government, but which had not been filed on the docket. After Defendant presents his argument, the Government responds, and forgoes filing a written opposition. The Court takes the motion under submission and will issue a separate ruling. If motion is granted, the Defendant's surrender date will be vacated. If it is denied, the surrender date may be extended if necessary to have any appellate review of the denial completed.

The Court recommends that the defendant be incarcerated at the Federal Correctional Institution in Lompoc, California or if it is not available on Terminal Island. If neither of those locations is available, the Court recommends that the defendant be detained at another facility in Southern California, where appropriate medical care can be provided.

Bond is exonerated upon self-surrender.

The Court grants the Government's motion to dismiss Counts 1-5 as to this defendant only.

Defendant is advised of his right of appeal.

**IT IS SO ORDERED.**

| | |
|---|---|
| USA vs. Jeffrey Moffatt | Docket No.: 2:21-cr-00335-JAK-1 |

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

June 4, 2026
_____
Date

_____
John A. Kronstadt, United States District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Brian D. Karth Clerk, U.S. District Court

June 5, 2026
_____
Filed Date

By   /s/ M. Lindaya
_____
Maria Lindaya, Deputy Clerk

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| USA vs. | Jeffrey Moffatt | Docket No.: | 2:21-cr-00335-JAK-1 |
|---|---|---|---|

[X] The defendant must also comply with the following special conditions (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(I)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

### CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   Jeffrey Moffatt                                    Docket No.:   2:21-cr-00335-JAK-1

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.


United States Marshal


By _____

_____        Deputy Marshal
Date

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.


Clerk, U.S. District Court


By _____

_____        Deputy Clerk
Filed Date

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.


(Signed) _____            _____
         Defendant                                    Date


_____                      _____
U. S. Probation Officer/Designated Witness            Date

---